UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HANNAH J. SECKA,                                     ) | C.A. NO.:  4-20-cv-03342-JD-TER |
|                                                      ) | |
| Plaintiff,                     ) | |
|                                                      ) | |
| vs.                                                  ) | |
|                                                      ) | **OPINION & ORDER** |
| FLORENCE COUNTY SCHOOL         ) | |
| DISTRICT THREE; LAURA HICKSON, ) | |
| Superintendent, FLORENCE COUNTY ) | |
| SCHOOL DISTRICT THREE; and BOARD ) | |
| OF TRUSTEES, FLORENCE COUNTY   ) | |
| SCHOOL DISTRICT THREE,         ) | |
|                                                      ) | |
| Defendants.                  ) | |
|                                                      ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1] Plaintiff Hannah J. Secka ("Plaintiff") seeks injunctive relief and damages based on alleged wrongful termination, negligent supervision, hostile work environment, breach of contract, denial of due process, and intentional infliction of emotional distress, arising out of her employment with, and subsequent termination from, Florence County School District Three.

The captioned Defendants filed a motion a motion to dismiss Plaintiff's claims for wrongful termination in violation/whistleblower action, negligent supervision, hostile work

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

environment in violation of 42 U.S.C. § 1981, and intentional infliction of emotional distress on September 28, 2020.² (DE 5.) Plaintiff filed a response in opposition on November 13, 2020. (DE 8.) For the reasons set forth below, the Court adopts the Report and Recommendation and orders that Defendants' Motion to Dismiss be granted as to Plaintiff's causes of action for sex discrimination pursuant to § 1981, for wrongful termination in violation of public policy, for negligent supervision as to Defendant Hickson ("Superintendent"), and for intentional infliction of emotional distress, but that the Motion to Dismiss be denied as to Plaintiff's negligent supervision cause of action against Defendant Florence County School District Three and Defendant Board of Trustees (Florence County School District Three and Board of Trustees referred to collectively as "School District"), and Plaintiff is allowed fifteen days to file a motion to amend her complaint with respect to her intentional infliction of emotional distress claim.

## BACKGROUND

Plaintiff began her employment with the School District in 2013 when she was hired as a teacher³/math interventionist. On or about, October 5, 2017, Plaintiff asserted a complaint of sexual harassment and assault by a colleague to the School District's Human Resource Director, Angelia Barr-Scott ("HR Director Barr-Scott"). On or about December 1, 2017, HR Director Barr-Scott investigated the sexual assault allegations and Plaintiff was called a "liar" and suggested that Plaintiff did not have evidence to substantiate the allegations. Further, HR Director Barr-Scott accused Plaintiff of sexually harassing the colleague against whom Plaintiff had complained and violating the District's Code of Ethics. HR Director Barr-Scott called Plaintiff several disgusting,

---

²     Plaintiff's causes of action for breach of contract and denial of due process are not at issue in the Defendants' motion.

³     Plaintiff is not a "teacher" as defined by S.C. Code Ann. § 59-25-410(d) as the parties do not assert Plaintiff was employed as a certified teacher who may be eligible for statutory protections related to the dismissal of teachers.

degrading and derogatory names such as "crazy idiot" and "trouble maker." (DE 1-1, Compl. ¶ 8.) On or about December 18, 2017, Plaintiff filed a Notice of Charge for Discrimination with the South Carolina Human Affairs Commission (SCHAC) and the Equal Employment Opportunity Commission. (DE 1-1, Compl. ¶ 9.) On or about, March 14, 2018, prior to mediation, Plaintiff withdrew her complaint based on the Superintendent's assurances of job security and protections from further retaliation and harassment. (DE 1-1, Compl. ¶ 13.)

On or about January 25, 2018, Plaintiff uncovered numerous violations in a program's implementation, which was communicated to Ned Blake, then principal of Lake City High School and the Defendant Superintendent. Plaintiff found improper grade changing for athletes, improper access to grades by unauthorized personnel, manipulation and creation of false data, and flagrant failures to follow federal guidelines by teachers and administrators assigned to the program. (DE 1-1, Compl. ¶ 14.) On or about March 6, 2019, Lori Flegler, Guidance Counselor at Lake City High School requested from Plaintiff answers to quizzes and test for the "Government" course on APEX for Guidance Counselor Flegler's daughter, who was enrolled in the class at a neighboring high school. (DE 1-1, Compl. ¶ 15.) Plaintiff denied the Guidance Counselor's illegal and unethical request and communicated it to her immediate supervisor Ed Brogdon, the Virtual School Administrator, Dr. Matthew Scandrol, then Principal at Lake City High School, HR Director Barr-Scott and Defendant Superintendent. (DE 1-1, Compl. ¶ 16.)

On or about December 11, 2019, Plaintiff forwarded a complaint of harassment, intimidation and bullying to the Co-Principal Moore, HR Director Barr-Scott, and Defendant Superintendent Hickson against Co-Principal Barr-Singletary. (DE 1-1, Compl. ¶ 19.) On or about, January 8, 2020, with the threats, harassment, cruel comments and vicious name calling, such as "Half-White B**CH" from Co-Principal Barr-Singletary, Plaintiff sent an email to Co-

Principal Moore and Defendant Superintendent regarding Co- Principal Barr-Singletary soliciting students to record and videotape Plaintiff during instructional time. (DE 1-1, Compl. ¶ 22.) On or about January 30, 2020, Plaintiff sent Defendant Superintendent Hickson a "whistleblower" letter stating Plaintiff's concerns of bias and unfair investigations, harassment and retaliation being conducted by the HR Director Barr-Scott, and her relative Co- Principal Barr-Singletary, which continually contributed to a hostile work environment. (DE 1-1, Compl. ¶ 26.)

On or about February 14, 2020, Plaintiff was suspended without pay by HR Director Barr-Scott for allegedly talking "negatively" and "harassing' a student who was not in Plaintiff's class. The student threatened physical harm to Plaintiff on several occasions, however, the student's unacceptable conduct was never addressed by Defendant School District at any level. (DE 1-1, Compl. ¶ 27.) Also, on or about February 14, 2020, Plaintiff sent a letter to Florence County School District Three Board Chairperson Barbara Bryant and Board member Ja'Kel Brown regarding Plaintiff's numerous suspensions without pay, denial of Due Process rights for retaliation, harassment and whistleblower laws against school officials Co-Principal Moore, Co-Principal Barr-Singletary and HR Director Barr-Scott. Compl. ¶ 28. On or about March 12, 2020, HR Director Barr-Scott, informed Plaintiff that she did not find any evidence supporting Plaintiff's claims against her relative Co- Principal Barr-Singletary as outlined in Plaintiff's Employee Grievance. Plaintiff requested and was denied a hearing before the Board of Trustees. (DE 1-1, Compl. ¶ 29.)

On or about March 31, 2020, Plaintiff was notified by Defendant Superintendent Hickson that Plaintiff's employment had been terminated from School District based on Plaintiff allegedly contacting a student while on suspension without pay. Again, Plaintiff requested and was denied a hearing before the Defendant Board of Trustees. (DE 1-1, Compl. ¶ 30.)

4

**DISCUSSION**

The Report and Recommendation issued on March 31, 2021, recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's cause of action for sex discrimination pursuant to § 1981, for wrongful termination in violation of public policy, for negligent supervision as to Defendant Superintendent, and for intentional infliction of emotional distress; denied as to Plaintiff's negligent supervision cause of action against Defendant School District; and Plaintiff be allowed fifteen days to file a motion to amend her complaint with respect to her intentional infliction of emotional distress claim. (DE 17.) Defendants filed an objection on April 14, 2014, as to the Report's denial of its Motion as to the negligent supervision causes of action against the School District. (DE 21.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Defendants object only to the Report and Recommendation's reliance on Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C.

1992) in concluding that Plaintiff's employment contract with School District imposes a duty upon it as the employer to supervise its other employees against Plaintiff as an employee (not a third-party) and that the duty sounds in tort, not contract.  Rather, Defendants contend that Anthony v. Atl. Grp, Inc., 909, F. Supp. 2d 455 (D.S.C. 2012) applies, in which the District Court found an employer owed no duty to its at-will employees to conduct adequate investigations and that a duty arising from an employee handbook or other employment documents creating a duty to its employees would sound in contract law rather than negligence.  (DE 21, p. 5.)  The Court is not persuaded by this argument because Degenhart does not appear to be narrowly tailored to third parties: "Under certain circumstances, an employer is under a duty to exercise reasonable care to control an employee acting outside the scope of his employment, [and] an employer may be liable for negligent supervision if the employee intentionally harms another. . . [in specific circumstances.]" Degenhart, at 496 (emphasis added).  At the 12(b)(6) stage of litigation once a plaintiff has stated a claim to relief that is plausible on its face, he survives a motion to dismiss. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Furthermore, Defendants contend that assuming Degenhart is applicable, Plaintiff fails to allege sufficient facts that Defendants acted outside the scope of employment.  At the Rule 12(b)6

---

[4] The Defendants' reliance on Anthony at this stage in the litigation is misplaced.  In Anthony, the District Court granted defendants' summary judgment motion relying on the South Carolina Court of Appeals in Gause v. Doe, 317 S.C. 39, 451 S.E.2d 408 (SC Ct.App. 1994).  In Gause, the plaintiff alleged negligence; however, his complaint did not allege that he was anything other than an at-will employee, and therefore, the Gause Court found that his employer owed him no duty.  The facts here are not analogous to Gause as applied in Anthony because Plaintiff does not allege she is an at-will employee.  See Anthony at 474 ("Because DZ Atlantic owed no duty to conduct adequate investigations as to its employees due to the at-will nature of the employment relationship, Plaintiffs cannot prevail on their termination claims"). Therefore, dismissal at the 12(b)(6) stage would be improper given the facts alleged by the Plaintiff.

phase, the Court finds sufficient facts to state a cause of action for negligent supervision. See n. 4, supra. Accordingly, after review, the Court finds that Defendants' objections are without merit. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss is granted as to Plaintiff's causes of action for sex discrimination pursuant to § 1981, for wrongful termination in violation of public policy, for negligent supervision as to Defendant Hickson ("Superintendent"), and for intentional infliction of emotional distress, but is denied as to Plaintiff's negligent supervision cause of action against Defendant Florence County School District Three and Defendant Board of Trustees; further, Plaintiff is allowed fifteen days to file a motion to amend her complaint with respect to her intentional infliction of emotional distress claim.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 26, 2021